# Order

Michigan Supreme Court
Lansing, Michigan

July 19, 2019

156198

Bridget M. McCormack,
Chief Justice

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
        Plaintiff-Appellant,

v

ALPHONSO L. STRAUGHTER, JR.,
        Defendant-Appellee.

SC: 156198
COA: 328956
Wayne CC: 15-000755-FC

_____/

On October 9, 2018, the Court heard oral argument on the application for leave to appeal the April 11, 2017 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, there being no majority in favor of granting leave to appeal or taking other action.

VIVIANO, J. (*concurring*).

I concur with the Court's order denying leave to appeal by equal division and write separately to explain my reasoning.

Defendant, Alphonso Straughter Jr., was convicted of carjacking, armed robbery, conspiracy to commit armed robbery, second-degree home invasion, and unlawful imprisonment and, relevant for the purposes of this appeal, was sentenced as a second-offense habitual offender. Notwithstanding the prosecutor's failure to comply with the habitual-offender statute, the trial court sentenced defendant as a second-offense habitual offender. In his subsequent appeal, the Court of Appeals affirmed defendant's convictions, but vacated defendant's sentence and remanded for resentencing without the habitual-offender sentencing enhancement because the prosecutor failed to show that notice was served on defendant, since no proof of service was filed with the trial court as required under MCL 769.13. In the prosecutor's application for leave to appeal in our Court, the prosecutor argues for the first time that the trial court's error was harmless because the record reflects that defendant had actual notice of his habitual-offender status within the time period set forth in the statute.

In relevant part, MCL 769.13 reads as follows:

(1) In a criminal action, the prosecuting attorney may seek to enhance the sentence of the defendant as provided under section 10, 11, or 12 of this chapter, by filing a written notice of his or her intent to do so within 21 days after the defendant's arraignment on the information

charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense.

(2) A notice of intent to seek an enhanced sentence filed under subsection (1) shall list the prior conviction or convictions that will or may be relied upon for purposes of sentence enhancement. The notice shall be filed with the court and served upon the defendant or his or her attorney within the time provided in subsection (1). The notice may be personally served upon the defendant or his or her attorney at the arraignment on the information charging the underlying offense, or may be served in the manner provided by law or court rule for service of written pleadings. The prosecuting attorney shall file a written proof of service with the clerk of the court.

In *People v Head*, the Court of Appeals held that "[t]he failure to file a proof of service of the notice of intent to enhance the defendant's sentence may be harmless if the defendant received the notice of the prosecutor's intent to seek an enhanced sentence and the defendant was not prejudiced in his ability to respond to the habitual offender notification."[1] In concluding that the error in that case was harmless, the Court of Appeals relied on the following facts: (1) "[d]efendant does not claim that he and defense counsel never received a copy of the charging documents"; (2) "[a]t the arraignment on the information, defendant waived a formal reading of the information"; (3) "[t]here was no indication at the arraignment hearing that defendant or his attorney had not received a copy of the felony information"; (4) "defendant and defense counsel exhibited no surprise at sentencing when defendant was sentenced as a fourth-offense habitual offender"; and (5) "[d]efendant has not asserted in the trial court or on appeal that he had any viable challenge to his fourth-offense habitual offender status."[2]

Because this case was decided before *Head*, the Court of Appeals in this case was not bound by *Head*. While this Court has the discretion to remand for reconsideration in

---

[1] *People v Head*, 323 Mich App 526, 543-544 (2018).

[2] *Id.* at 544-545. The Court of Appeals also noted that "defendant received actual notice on the record at the preliminary examination that he was being charged as a fourth-offense habitual offender" and that "the fact that the prosecutor was seeking to enhance defendant's sentence as a fourth-offense habitual offender was acknowledged on the record by defendant and defense counsel at a pretrial hearing during the discussion of the prosecutor's final plea offer." *Id*. The Court of Appeals does not explain, however, whether either of these hearings took place "within 21 days after the defendant's arraignment on the information," such that the defendant would have received actual notice within the time period required under MCL 769.13(1).

light of *Head*, because I have concerns with *Head*'s analysis, I do not believe that we should exercise our discretion to do so.

In particular, I question whether the Court of Appeals in *Head* erred by placing the burden on the defendant of proving that the prosecutor's error was harmless. Typically, the burden is on the defendant to show that a preserved nonconstitutional error is harmless.[3] In this context, however, placing the burden on the prosecutor may be appropriate since the prosecutor committed the error and the prosecutor is best able to prove whether the defendant received actual notice. The Court of Appeals' analysis in *Head*, which relies almost exclusively on negative inferences from the record, reflects the concerns with placing this burden on the defendant.[4]

Therefore, while the Court of Appeals' decision in this case is at odds with *Head*, because of my concerns with *Head*'s framework, I would not exercise our discretion to remand this case for reconsideration in light of *Head*. Instead, I believe that denying leave to appeal is appropriate.

MARKMAN, J. (*dissenting*).

I respectfully dissent from the order denying leave to appeal. Instead, I would reverse the Court of Appeals' judgment and reinstate defendant's sentences for carjacking, armed robbery, conspiracy to commit armed robbery, second-degree home invasion, and unlawful imprisonment because defendant here possessed actual notice of the prosecutor's intention to seek to enhance defendant's sentence as a second-offense habitual offender under MCL 769.10.

The prosecutor committed clear error by failing to comport with the procedures set forth in MCL 769.13. In particular, she failed to show service of written notice of her

---

[3] See *People v Lukity*, 460 Mich 484, 491-496 (1999).

[4] Unlike Justice MARKMAN, I would be hesitant to conclude that simply filing the relevant charging documents with the court—something that happens in every case—is sufficient to render harmless the prosecutor's error in failing to serve the habitual notice on the defendant or his attorney within the time period set forth in MCL 769.13. Among other things, this would render nugatory the remaining requirements of the statute since the prosecutor would never be penalized for ignoring them. It would also be strange to excuse the prosecutor's noncompliance when the defendant waives his arraignment on the information, since the statute expressly contemplates such waivers and makes no exceptions from its requirements for them. See MCL 769.13(1) (providing that a habitual notice must be filed "within 21 days after the defendant's arraignment on the information charging the underlying offense or, if arraignment is waived, within 21 days after the filing of the information charging the underlying offense").

intention to seek sentencing enhancement within 21 days of defendant's arraignment on the information by filing written proof of service with the circuit court. See MCL 769.13(1) and (2). Nonetheless, such error here was harmless because defendant possessed actual notice of the prosecutor's intention to seek sentencing enhancement. MCL 769.26. <u>First,</u> each of the relevant charging documents filed in the district and circuit courts, i.e., the felony warrant, the felony complaint, and the felony information, specifically informed defendant that he was "subject to the penalties provided by MCL 769.10" and detailed the effect of sentencing enhancement under MCL 769.10. Indeed, defendant himself concedes in his brief that the language contained in the charging documents would constitute habitual-offender notice. Moreover, *Black's Law Dictionary* (6th ed) defines "subject to" as "governed or affected by." Therefore, the prosecutor informed defendant that he was "governed or affected by" habitual-offender sentencing enhancement. There is no apparent reason for the prosecutor to have included this information in the charging documents other than to apprise defendant that she intended to seek sentencing enhancement under MCL 769.10, and this is not disputed by defendant. <u>Second</u>, at his arraignment on the information, defendant waived a formal reading of the information. This waiver effectively communicated that defendant already possessed a copy of the felony information and thus possessed notice of the prosecutor's intent to seek habitual-offender sentencing enhancement.[5] <u>Third</u>, at sentencing, defense counsel displayed no surprise at the enhanced sentence, and neither counsel nor defendant objected to the enhancement. In fact, defense counsel actually *corrected* the trial court that defendant was only a second-offense, rather than third-offense, habitual offender.

---

[5] Contrary to Justice VIVIANO's concurrence, this dissent does not "conclude that simply filing the relevant charging documents with the court—something that happens in every case—is sufficient to render harmless the prosecutor's error in failing to serve the habitual notice on the defendant or his attorney within the time period set forth in MCL 769.13." More precisely, I conclude that the inclusion of the *habitual-offender notice* within the charging documents may in certain circumstances indicate the defendant's actual notice of the prosecutor's intention to seek habitual-offender enhancement. That is, where such notice is included within the information and the defendant has waived arraignment on the information, it has been effectively established that the defendant or the defendant's attorney has physical possession of the information and thus from the very onset of the case possesses notice of the prosecutor's intention to seek enhancement. While this process plainly does not satisfy the requirements of MCL 769.13, it does nonetheless fully satisfy the obvious purpose of the statute-- to ensure that the defendant has been timely notified of an intention to pursue habitual-offender enhancement. While indisputably an error on the part of the prosecutor, the failure to satisfy MCL 769.13 was a manifestly harmless error in this case.

Because defendant here possessed actual notice of the prosecutor's intention to seek a habitual-offender enhancement to his sentence, the error by the prosecutor, in my judgment, was altogether harmless. And as a result, defendant has failed to show that it is "more probable than not that the error was outcome determinative." *People v Lukity*, 460 Mich 484, 496 (1999). Accordingly, in my judgment, he was properly sentenced as a second-offense habitual offender.

ZAHRA, J., joins the statement of MARKMAN, J.

CLEMENT, J. (*dissenting*).

I respectfully dissent from this Court's order denying leave to appeal because I believe the more prudent disposition would be to vacate the Court of Appeals opinion and remand to the Court of Appeals so that it may engage in a harmless-error analysis pursuant to *People v Head*, 323 Mich App 526, 544-546 (2018).

CAVANAGH, J., did not participate in the disposition of this case because the Court considered it before she assumed office.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

July 19, 2019



Clerk

s0716